IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Local 15, International Brotherhood )
of Electrical Workers, AFL-CIO, )
)
)
Plaintiff, )
)
v. ) No. 05 C 2746
)
Exelon Corporation, and its wholly )
owned subsidiaries, )
)
Defendant . )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Exelon Corporation's ("Exelon") motion to dismiss and Plaintiff Local 15, International Brotherhood of Electrical Engineers, AFL-CIO's ("Local 15") motion to exclude defendant's exhibits to motion to dismiss. For the reasons stated below, we grant the motion to dismiss and deny the motion to exclude documents as moot.

## BACKGROUND

Local 15 and Exelon are parties to a collective bargaining agreement ("CBA"), which requires that any disputes between the parties that are not resolved

1

by the Review Committee be sent to an impartial arbitrator. Exelon is an Illinois energy company, of which Commonwealth Edison ("ComEd") is a subsidiary. Local 15 represents some of Exelon's employees under the CBA. In the summer of 2003, Exelon implemented the Automatic Roster and Call-Out System ("ARCOS"), a system under which off-duty employees are automatically called when there is a power outage, informing them that their service is needed. Also under ARCOS, employees were warned that a failure to respond to more than 50 percent of these calls to work overtime would result in discipline.

Local 15 disagreed with the implementation of the ARCOS program. After attempting to resolve any disputes between Exelon and Local 15 over ARCOS through the CBA's procedure for grievances, the matter was submitted to arbitration as required under the CBA. In arbitration, Local 15 argued that the discipline component of ARCOS and the manner in which their grievances were handled by Exelon were both improper. Additionally, on July 31, 2003, Local 15 filed an unfair labor practice charge with the National Labor Relations Board ("NLRB"), which in October 2003, was deferred to arbitration by the NLRB. On March 2, 2005, the arbitrator entered a decision for Exelon, upholding Exelon's decision to implement ARCOS as proper under the CBA. Included in the arbitration award was a suggestion that Exelon provide pagers or cell phones to employees, as a way of facilitating communication under the ARCOS program. (Compl. Ex. 1, 43) On May 9, 2005, Local 15 filed the instant action, seeking to vacate the arbitration award.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir.2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir.1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir.2004)(stating that although the "plaintiffs' allegations provide[d] little detail ... [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief"). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir.1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir.1992). Under the current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action....'" ' *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir.1994)(stating that "[a]t

3

this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir.2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

## DISCUSSION

Exelon has filed a motion to dismiss the instant action under Rule 12(b)(6). Local 15 has also filed a motion to exclude defendant's exhibits to the motion to dismiss. Local 15 alleges that the arbitration award should be vacated because it is beyond the scope of the CBA and the arbitrator's power, it violates public policy, and it is a gross error of law and fact. (Compl. Par. 17). Exelon argues in its motion to dismiss that this court has no subject matter jurisdiction over the instant action under the National Labor Relations Act ("NLRA"), 28 U.S.C. §§ 151 *et seq.*, which places exclusive original jurisdiction for reviewing NLRB decisions regarding unfair labor practices with the United States Courts of Appeals. 28 U.S.C. § 160(f).

Exelon also argues that the arbitration award was within the scope of the CBA, and that it was not contrary to public policy.

I. Motion to Dismiss

A. Jurisdiction

It is true that "[w]hen an activity is either arguably protected by § 7 or arguably prohibited by § 8 of the NLRA, the preemption doctrine . . . teaches that ordinarily 'the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted.'" *William E. Arnold Co. v. Carpenters Dist. Council of Jacksonville and Vicinity*, 417 U.S. 12, 15-16 (1974) (*quoting San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 79 (1959)) . Such decisions by the NLRB are only reviewed by the United States Circuit Courts, and the federal District Courts and state courts do not have jurisdiction to review such cases. 28 U.S.C. § 160(f). However, the Supreme Court has made it clear that the NLRB does not have exclusive jurisdiction over disputes involving CBAs. Instead, when the pertinent activity "also constitutes a breach of a collective-bargaining agreement, the Board's authority 'is not exclusive and does not destroy the jurisdiction of the courts in suits under § 301'" of the Labor Management Relations Act ("Section 301"), 29 U.S.C. § 185. *Id.* (*quoting Smith v. Evening News Assn.*, 371 U.S, 195, 197 (1962)). Given that Local 15 is simply requesting this court to vacate the arbitration award

entered under the CBA, we have jurisdiction over the instant action under Section 301. 29 U.S.C. § 185 (c).

### B. Scope of Arbitrator's Power

Local 15 argues that the arbitration award should be vacated because the arbitrator "exceeded the scope of his authority," and dispensed "his own brand of industrial justice" when it considered whether cell phones and beepers could be an alternative solution to the call-out problem. (Ans. 14). Local 15 also alleges that the arbitration award was not a "fair interpretation of the agreement," due to the fact that it did not require the parties to bargain over ARCOS. (Compl. 5). The Seventh Circuit has made it clear that "judicial review of arbitration awards under collective bargaining agreements is extremely narrow." *Amax Coal Co. v. United Mine Workers of America, Intern. Union,* 92 F.3d 571, 575-76 (7th Cir. 1996). When ruling on a collective bargaining agreement dispute, "an arbitrator is confined to interpretation and application of the collective bargaining agreement . . . ." *Id.* at 575. The arbitrator may "look for guidance from many sources" and the arbitration award "is legitimate only so long as it draws its essence from the collective bargaining agreement." *Id.* (stating that "the central determination to be made is whether the arbitrator, who was delegated the power to interpret the agreement between the parties, has 'exceeded the powers delegated him by the parties'").

Since the established policy of promoting the settlement of "labor disputes by

arbitration would be undermined if courts had the final say on the merits of awards," the courts cannot vacate arbitration awards if the arbitrators are "even arguably construing or applying the contracts and acting within the scope of [the arbitrators'] authority . . . ." *Id.* (*quoting United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593 (1960)). The courts cannot review the merits of the arbitrator's decision "despite allegations that the decision rests on factual errors or misinterprets the parties' agreement." *International Union of Operating Engineers, Local 139, AFL-CIO v. J.H. Findorff & Son, Inc.*, 393 F.3d 742, 745 (7th Cir. 2004)(stating that "if an 'arbitrator is even arguably construing or applying the contract and acting within the scope of his authority', the fact that 'a court is convinced he committed serious error does not suffice to overturn his decision'"). When an action is brought in federal court seeking a review of an arbitrator's decision, the court cannot base its ruling on an examination of "whether the arbitrator or arbitrators erred in interpreting the contract." *Id.* Rather, the sole focus by the court must be on whether the arbitrator "interpreted the contract." *Id.*

The CBA in question here states that "[t]he impartial arbitrator shall be governed wholly by the terms of the Agreement and shall have no power to add or change its terms." (Compl. Ex. 2, 32). The court finds that the arbitrator in this case stayed within this parameter and those set by the Seventh Circuit, discussed above. Article II of the CBA clearly states that "[t]he management of the Company and the direction of the working forces covered herein, including the right to . . . suspend,

discharge for proper cause, . . . demote, . . . and lay off for lack of work or other reasons, are vested in the Company, except as otherwise provided in this Agreement." (Compl. Ex. 2, 2). The arbitrator was correct in stating that the ARCOS program, which was implemented to manage and discipline Exelon's workforce, was "within ComEd's authority under the Management Rights Clause." (Compl. Ex. 1, 32). Under the CBA, such agreements are within Exelon's power to make, and are not required to be bargained between the parties. (Compl. Ex. 2, 2). Furthermore, the discussion of using cell phones and pagers under the ARCOS program does not constitute an additional term added to the CBA by the arbitrator. The proposal is simply a suggestion by the arbitrator to make Exelon's 50 percent response expectation reasonable, and is in no way outside the scope of either the arbitrator's authority or the CBA. Therefore, we conclude that the arbitration award stayed within the bounds of the CBA.

### C. Public Policy.

Local 15 also argues that the arbitration award is contrary to the public policy favoring bargaining over certain issues. We disagree. This argument is an attempt to contravene the CBA, which clearly provides that not every management issue needs to be decided collectively among the parties. It is also an attempt by Local 15 to turn this case into an NLRA case after arguing strenuously, and correctly, that Section 301 cases are distinct from cases that fall within the exclusive jurisdiction of

the NLRB. (Resp. At 4-9). For this reason and those discussed above, we reject Local 15's argument that this court should vacate the arbitration award for being contrary to public policy. Based upon the foregoing, we grant Exelon's motion to dismiss.

II. Motion to Exclude Defendant's Exhibits

Local 15 has also filed a motion to exclude certain exhibits from Exelon's motion to dismiss. We dismiss this motion as moot. It is true, in most cases, that decisions regarding Rule 12(b)(6) motions must be confined to the pleadings. *See* Rule 12(b)(6) (stating that "[i]f, on a [12(b)(6) motion,] matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56"). However, in this case, the decision of the court was confined to the complaint, and the CBA and arbitration award attached as exhibits to Local 15's complaint, which under Federal Rule of Civil Procedure 10(c) are considered a part of the complaint. Fed. R. Civ. Pro. 10(c). Therefore, we deny as moot the motion to exclude defendant's exhibits.

## CONCLUSION

Based on the foregoing analysis, we grant Exelon's motion to dismiss. We also deny as moot Local 15's motion to exclude.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 30, 2005